IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Terri KAMIN ZAUSA, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **Jury Trial Demanded** |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR CREDIT COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**TERRI KAMIN ZAUSA'S COMPLAINT AGAINST FORD MOTOR CREDIT COMPANY, LLC**

Plaintiff, Terri Kamin Zausa, lost her home in Burr Ridge, Illinois to foreclosure and is now subject to an eviction from her home. Terri lives with her husband, Jack Zausa (Jack), their three minor children, and Jack's father, Mario. The foreclosure against Jack and Terri was caused when Ford Motor Credit Company LLC (Ford) wrongfully dishonored drafts written by Terri to pay the mortgage on the family's home. The drafts were written to National City Mortgage, a predecessor in interest to PNC Mortgage (PNC), which eventually foreclosed on the home. Neither mortgage company is a party to this case. Ford eventually acknowledged its errors and liquidated a large portion of Terri's investment account and returned it to her. However, money tendered to the mortgage company proved to be too little, too late. The mortgage default was not cured. Instead, the Zausa family was thrown into foreclosure. Terri was not only named as a mortgage foreclosure defendant, she was also sued for eviction and is now subject to a court order that she vacate her home.

1

**I.	PARTIES**

1.	Terri Kamin Zausa lives at 8365 Fars Cove, Burr Ridge, Illinois 60527.

2.	Ford Motor Credit Company LLC is a Delaware Corporation domiciled in Dearborn, Michigan.

**II.	JURISDICTION AND VENUE**

3.	There is complete diversity of citizenship between Terri Kamin Zausa, who is a citizen of Illinois, and Ford Motor Credit Company LLC, a Delaware Corporation with headquarters in Dearborn, Michigan.

4.	Terri seeks damages in excess of $75,000.00. She lost her multi-million dollar home, expended attorney fees and court costs to defend the foreclosure and eviction, and lost her homestead rights in her home. She continues to expend money to locate and move to new housing with her family, including three minor children.

5.	Venue is proper in this district and division. All of the events described herein took place in DuPage County, Illinois.

**III.	FACTS**

6.	Terri lived with Jack, their three minor children, and Mario at 8365 Fars Cove, Burr Ridge, Illinois 60527 (the home).

7.	Jack was the title holder of the home, and Terri, as his wife who lived in the property, had homestead rights of $15,000.00.

8.	Terri and Jack shared responsibility for the payment of the mortgage on the home and other bills associated with the home such as utilities, telephone, taxes, insurance, maintenance, and cable.

9. Terri wrote drafts numbered 1104 and 1105, each for $11,744.49, payable to National City Mortgage against her Ford account, a Ford Interest Advantage Investment Account.

10. The two drafts numbered 1104 and 1105 were for May 2009 and June 2009 mortgage payments for the home.

11. On June 6, 2009, drafts 1104 and 1105 were presented to Ford for payment.

12. On June 6, 2009, and at all relevant times, Terri had enough money in her Ford account to cover the drafts. She had in excess of $25,000.00.

13. On June 9, 2009, Ford returned drafts 1104 and 1105, dishonoring them.

14. Terri contacted Ford to confirm she had sufficient money in her account to cover the drafts and informed Ford she would issue drafts 1106 and 1107 to replace the dishonored and returned drafts.

15. On June 15, 2009, drafts 1106 and 1107 were presented to Ford for payment.

16. On June 22, 2009, Ford dishonored and returned drafts 1106 and 1107.

17. On June 22, 2009, Ford, by and through its agent, Todd Cheatham, Team Leader, Investor Services, that, "At the time each of these four items was presented for payment, Mrs. Zausa had sufficient funds to honor them and had not directed us to place a stop payment on them."

18. By Ford's own admission, as set forth above, the drafts were wrongfully dishonored. Ford's conduct was willful.

19. During July 2009, Terri tendered one more payment to National City Mortgage from a different checking account. However, the payment was rejected and refunded in

part because the mortgagee had declared the mortgage in default, accelerated it, and begun proceedings to file a foreclosure.

20. Jack contacted National City Mortgage when it refunded part of the rejected payment, and National City Mortgage informed him that the loan was in foreclosure status.

21. On November 10, 2009, a foreclosure complaint was filed naming Terri, Jack, and Mario as defendants. This was case number 09-CH-5430 in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

22. Ford's wrongful dishonor of drafts 1104, 1105, 1106, and 1107 was the direct and proximate cause of the foreclosure and the loss of the home.

23. Ford's wrongful dishonor of drafts 1104, 1105, 1106, and 1107 was the direct and proximate cause of damages including, but not limited to, Terri's loss of her home and homestead and marital property interests through foreclosure, loss of her home through an eviction proceeding, attorney fees and court costs for defense of the foreclosure and eviction, costs of relocation, damage to her credit score, pain and suffering, emotional damage, and other losses.

IV. CAUSES OF ACTION

A. FIRST CAUSE OF ACTION: VIOLATION OF 810 ILCS 5/4-402, THE UNIFORM COMMERCIAL CODE

24. Terri restates and realleges the preceding paragraphs six through 23 as if set forth in full herein.

25. The Uniform Commercial Code as adopted in Illinois provides, in pertinent part, as follows:

> "(a) Except as otherwise provided in this Article, a payor bank wrongfully dishonors an item if it dishonors an item that is properly payable, but a bank may dishonor an item that would create an overdraft unless it had agreed to pay the overdraft.
>
> "(b) A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. Liability is limited to actual damages proved and may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case."

26. As set forth more fully above, Ford wrongfully dishonored four of Terri's drafts.

27. As set forth more fully above, Terri was damaged by Ford's wrongful dishonor of her drafts. She lost her home, expended court costs and attorney fees, suffered emotional damages, and experienced other losses.

WHEREFORE, Plaintiff Terri Kamin Zausa prays this Honorable Court enter an Order in her favor and against Defendant Ford Motor Credit Company LLC for:

a. Actual damages to be determined at trial, not less than $2.5 million;

b. Consequential damages to be determined at trial;

c. Attorney fees and costs;

d. All relief just and proper in the premises.

**B. SECOND CAUSE OF ACTION: BREACH OF CONTRACT**

28. Terri restates and realleges the preceding paragraphs six through 23 as if set forth in full herein.

29. As set forth more fully above, Terri had a contractual agreement with Ford whereby Ford would credit her deposits and honor drafts drawing upon the deposits so long as she had sufficient funds in her account.

30. At all relevant times, Terri had sufficient funds on deposit to cover the drafts.

31.   Terri complied with her contractual agreements with Ford.

32.   Ford breached its contract with Terri by wrongfully refusing to honor her drafts, as set forth above.

33.   Terri demanded performance by Ford when she notified it should would issue drafts 1106 and 1107 to replace drafts 1104 and 1105 and it should honor the drafts.

34.   Ford failed to perform and continued to dishonor Terri's drafts.

35.   Ford further breached its contract by liquidating part of Terri's investment account without her instruction to do so.

36.   Terri has been damaged by Ford's breach as set forth above.

WHEREFORE, Plaintiff Terri Kamin Zausa prays this Honorable Court enter an Order in her favor and against Defendant Ford Motor Credit Company LLC for:

a.   Actual damages to be determined at trial, not less than $2.5 million;

b.   Consequential damages to be determined at trial; and

c.   All relief just and proper in the premises.

Respectfully submitted,


Kelli Dudley
Attorney for Plaintiff Terri Kamin Zausa


Kelli Dudley/Law Office of Kelli Dudley
Attorney for Plaintiff Terri Kamin Zausa
1658 Milwaukee Avenue
#100-8377
Chicago, Illinois  60617
312-771-9770; attorneykelli@sbcglobal.net
ARDC:  6279068

6